IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

UNITED STATES OF AMERICA )
)
    Plaintiff, )
)
vs. ) Case No.: 2:05cr303-F
)
DOROTHY JEAN RAWLS )
)
    Defendant. )

**DEFENDANT'S MOTION TO DISMISS COUNT TWO OF THE INDICTMENT**

    **COMES NOW**, Defendant Dorothy Jean Rawls, by and through undersigned counsel and move this Honorable Court, to dismiss Count Two of the indictment to the offenses charged in the above-styled cause. In support thereof, defendant shows the court as follows:

    1.    On or about December 14, 2005 the government filed a grand jury indictment against the defendant alleging two counts of violation of Title 18 U.S.C. Section 1709, to wit: that the defendant "being a Postal Service officer and employee, embezzled letters, postal cards, packages, bags, and mail, and articles and things contained therein entrusted to her and which came into her possession intended to be conveyed by mail; and being a Postal Service officer and employee stole, abstracted, and removed from any such letters, postal cards, packages, bags, and mail, any article and thing contained therein. . . ."

    2.    The defendant avers that there are no factual basis to support Count Two of the indictment.

    4.    The facts as contended by the government are that in May 2005, a Wal-Mart gift card was mailed from Indianapolis via United States Mail to an address for which the defendant is the mail carrier. Allegedly, the gift card was not delivered but rather it was negotiated at the

Andalusia Wal-Mart. On or about May 25, 2005, the intended recipient filed a report with the Andalusia Police Department. The case was assigned to Detective Alice Donaldson of the Andalusia Police Department. On or about August 23, 2005, Detective Donaldson contacted Andalusia Postmaster and represented that she had reason to believe that an employee of the Andalusia Post Office had stolen the gift card that mailed from Indianapolis in May 2005 to 603 Montgomery Street, Andalusia and that said employee was the defendant. Detective Donaldson represented that she had viewed a video taped recording from Wal-Mart and the person thereon using the stolen gift card fits the defendant's identity. The postmaster, Jerry Barlow, advised Detective Donaldson to contact Postal Inspection Service. Postal Inspector T.A. Aaron was assigned to the case and he traveled from Birmingham to meet with Detective Donaldson on August 24, 2005. Detective Donaldson represented to Postal Inspector Aaron that she is of the opinion that the person observed on the video using the gift card at Andalusia Wal-Mart was the defendant because she knows the defendant as an ex-sister-in-law. In the course of his investigation, Postal Inspector Aaron showed the video to Postmaster Barlow and he was unable to identify the person seen therein. He could not say that the person he saw in the video was that of the defendant. Postal Inspector Aaron embarked upon further investigation by having Postmaster Barlow placed two test letters at the letter case of the defendant. These test letters contained a Wal-Mart gift card of $50.00 and $100.00 cash. Allegedly, the defendant went trough her letter case and threw mail in her "throw back mail" without placing the test letters in her "throw back mail." After the defendant was finished casing her mail for delivery but before she left the post office, Postmaster Barlow called her into his office where she was interrogated by Inspector Aaron regarding the test letters and the mail of May 2005. The defendant made representations regarding the test letters and the mail of May 2005. Inspector Aaron confronted

the defendant with the video taped recording "of a black female at Wal-Mart making purchases with the stolen gift card." The defendant "was placed on emergency suspension by the U.S. Postal Service" and subsequently indicted for having committed violations of Title 18 U.S.C. Section 1709.

5. Count Two of the indictment pertains to the $100.00 cash and $50.00 gift card that were contained in the "test letters" of August 25, 2005.

6. Defendant moves to dismiss count two because the government's evidence even if believed amounts to an attempt to commit a violation of Title 18 U.S.C. Section 1709, but she has not been charged with an "attempt". By the government's own evidence as set forth in discovery, the defendant had not converted, embezzeled or committed a theft of the "test letters" of August 25, 2005. The government's own evidence reveals that the defendant was apprehended or otherwise called into the office of the Postmaster for interrogation by Postal Inspector T.A. Aaron "after she had finished casing her mail and loaded her vehicle to leave for the day's delivery."

7. Defendant Rawls move this Honorable Court for a dismissal as a matter of law.

**That defendant requests an evidentiary hearing on this motion.**

Respectfully submitted,

*[signature]*

**Amardo Wesley Pitters, Esquire**
**Attorney for the Defendant**
**Alabama State Bar No.: 8989-T64A**

OF COUNSEL:

*A. WESLEY PITTERS, P.C.*
1145 South Perry Street (36104)
Post Office Box 1973
Montgomery, Alabama  36102-1973
Telephone: (334) 265-3333
Telecopier: (334) 265-3411
Email: awpitters@pitterslawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the ___17___ day of January, 2006, a copy of the foregoing was duly served upon the following:

> Hon. Christopher A. Synder
> Assistant United States Attorney
> Office of the United States Attorney
> Criminal Division
> Middle District of Alabama
> Post Office Box 197
> Montgomery, Alabama  36101-0197

via United States Postal Service.

_____
Amardo Wesley Pitters, Esquire