IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 2:05cr303-F |
| ) | |
| DOROTHY JEAN RAWLS ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S MOTION FOR SUPPRESSION OF EVIDENCE

**COMES NOW**, Defendant Dorothy Jean Rawls, by and through undersigned counsel and move this Honorable Court, to suppress certain evidence pertaining to the facts and circumstances that form the underlying basis of the indictment to the offenses in the above-styled cause. In support thereof, defendant shows the court as follows:

1.   On or about December 14, 2005 the government filed a grand jury indictment against the defendant alleging two counts of violation of Title 18 U.S.C. Section 1709, to wit: that the defendant "being a Postal Service officer and employee, embezzled letters, postal cards, packages, bags, and mail, and articles and things contained therein entrusted to her and which came into her possession intended to be conveyed by mail; and being a Postal Service officer and employee stole, abstracted, and removed from any such letters, postal cards, packages, bags, and mail, any article and thing contained therein. . . ."

2.   The defendant believes that the government, by and through the United States Attorney for the Middle District of Alabama, will attempt to introduce at trial certain evidence obtained by the law enforcement officer who investigated the alleged criminal conduct and who submitted the case for prosecution to the United States Attorney's Office for the Middle District

of Alabama, namely Postal Inspector T.A. Aaron .

3.  The defendant avers that said officer violated her Fifth Amendment rights and/or other rights guaranteed to her by the United States Constitution, the laws of the United States and the State of Alabama.

4.  The facts as contended by the government are that in May 2005, a Wal-Mart gift card was mailed from Indianapolis via United States Mail to an address for which the defendant is the mail carrier. Allegedly, the gift card was not delivered but rather it was negotiated at the Andalusia Wal-Mart. On or about May 25, 2005, the intended recipient filed a report with the Andalusia Police Department. The case was assigned to Detective Alice Donaldson of the Andalusia Police Department. On or about August 23, 2005, Detective Donaldson contacted Andalusia Postmaster and represented that she had reason to believe that an employee of the Andalusia Post Office had stolen the gift card that mailed from Indianapolis in May 2005 to 603 Montgomery Street, Andalusia and that said employee was the defendant. Detective Donaldson represented that she had viewed a video taped recording from Wal-Mart and the person thereon using the stolen gift card fits the defendant's identity. The postmaster, Jerry Barlow, advised Detective Donaldson to contact Postal Inspection Service. Postal Inspector T.A. Aaron was assigned to the case and he traveled from Birmingham to meet with Detective Donaldson on August 24, 2005. Detective Donaldson represented to Postal Inspector Aaron that she is of the opinion that the person observed on the video using the gift card at Andalusia Wal-Mart was the defendant because she knows the defendant as an ex-sister-in-law. In the course of his investigation, Postal Inspector Aaron showed the video to Postmaster Barlow and he was unable to identify the person seen therein. He could not say that the person he saw in the video was that of the defendant. Postal Inspector Aaron embarked upon further investigation by having

Postmaster Barlow placed two test letters at the letter case of the defendant. These test letters contained a Wal-Mart gift card of $50.00 and $100.00 cash. Allegedly, the defendant went trough her letter case and threw mail in her "throw back mail" without placing the test letters in her "throw back mail." After the defendant was finished casing her mail for delivery but before she left the post office, Postmaster Barlow called her into his office where she was interrogated by Inspector Aaron regarding the test letters and the mail of May 2005. The defendant made representations regarding the test letters and the mail of May 2005. Inspector Aaron confronted the defendant with the video taped recording "of a black female at Wal-Mart making purchases with the stolen gift card." The defendant "was placed on emergency suspension by the U.S. Postal Service" and subsequently indicted for having committed violations of Title 18 U.S.C. Section 1709.

   5.   Defendant avers that while she was in custody Postal Inspector T.A. Aaron, a law enforcement police officer of the United States Postal Service, she interrogated by him and she was the target of an ongoing investigation being conducted by him for prosecutorial purposes.

   6.   Defendant submits that there is a legal issue of whether the government may lawfully introduce as evidence, the statements allegedly made by the defendant incident to her being in the custody of Postal Inspector Aaron because said officer violated her Fifth Amendment rights and/or other rights guaranteed to her by the United States Constitution, the laws of the United States and the State of Alabama. Defendant Rawls contends that any statements made by her to Postal Inspector T. A. Aaron, in his capacity as a law enforcement officer, were not made knowingly and voluntarily with regard to her constitutional rights secured and guaranteed to her by the laws of the United States. That the statements made by defendant were made without the defendant's knowledge of her to remain silent, that what she said could

and would be held against her as incriminating and that had a right to legal counsel. Defendant submits that she was not duly mirandized. See, *Miranda v. Arizona,* 384 U.S. 436 (1966). Defendant denies that he "knowing and intelligent" waived her Fifth Amendment right to remain silent.

8. Defendant avers that the evidence acquired by Postal Inspector T.A. Aaron as a law enforcement officer, specifically statements which the government intend to use as incriminating, may not be used at trial and said statements are due to be suppressed pursuant to the exclusionary rule. The government should be ordered not to make any use thereof at the trial or any hearing in this cause of action.

**WHEREFORE, PREMISES CONSIDERED**, defendant moves this Honorable Court to enter an order suppressing the evidence obtained and intended to be used by the United States of America against the defendant.

**That defendant requests an evidentiary hearing on this motion.**

Respectfully submitted,

/s/ Amardo Wesley Pitters
**Amardo Wesley Pitters, Esquire**
**Attorney for the Defendant**
**Alabama State Bar No.: 8989-T64A**

**OF COUNSEL:**

*A. WESLEY PITTERS, P.C.*
1145 South Perry Street (36104)
Post Office Box 1973
Montgomery, Alabama  36102-1973
Telephone: (334) 265-3333
Telecopier: (334) 265-3411
Email: awpitters@pitterslawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the __17__ day of January, 2006, a copy of the foregoing was duly served upon the following:

>Hon. Chirstopher A. Synder
>Assistant United States Attorney
>Office of the United States Attorney
>Criminal Division
>Middle District of Alabama
>Post Office Box 197
>Montgomery, Alabama  36101-0197

via United States Postal Service.

_____
Amardo Wesley Pitters, Esquire