IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.  ) | CR. NO. 2:05cr303 |
| ) | |
| **DORTHY JEAN RAWLS** ) | |

**United States' Motion to Strike,
or in the Alternative,
Response to Defendant's Motion for Suppression of Evidence**

The United States moves to strike Defendant Dorothy Jean Rawls's Motion for Suppression of Evidence because it has not yet been filed with the Clerk's Office in a timely or proper manner. The Motion was delivered to the U.S. Attorney's Office on Monday, January 30, 2006. More importantly, according to the Clerk's office, the Motion was "delivered" to the Court some time during the week of January 30, 2006. The Court's January 19, 2006 Order, however, required Rawls to refile her motion on or before January 27, 2006. Therefore, the Motion should be struck.

In the alternative, the Motion should be denied on its merits because Rawls was not in custody when she confessed to Postal Inspector Aaron. In either case, an evidentiary hearing is not necessary because as a matter of law Rawls was not in custody. If an evidentiary hearing were to be necessary, however, the Government would request that it be moved to a date on or after February 16, 2006.

Therefore, Rawls motion should be struck, or in the alternative denied. A memorandum of law in support of this Motion is attached.

Respectfully submitted this 3rd day of February, 2006,

> LEURA G. CANARY
> UNITED STATES ATTORNEY
>
> /s/ Christopher Snyder
> CHRISTOPHER A. SNYDER
> Assistant United States Attorney
> One Court Square, Suite 201
> Montgomery, AL 36104
> Phone: (334)223-7280
> Fax: (334)223-7135
> E-mail: christopher.a.snyder@usdoj.gov

**MEMORANDUM OF LAW**

**I.   Background**

Rawls, a former postal carrier for the City of Andalusia, was indicted for two counts of theft of mail matter by a postal employee. On August 25, 2006, Postal Inspector T.A. Aaron, who was investigating Rawls's alleged misconduct, questioned Rawls in the Andalusia Postmaster's office. At no time was she arrested or prevented from leaving the office. During this conversation, Rawls identified herself as the shopper in a Wal-Mart surveillance video who had purchased items with a Wal-Mart gift card. That gift card was addressed to a person on Rawls's route and was reported stolen. During the conversation with Aaron, Rawls also made other incriminating statements.

Rawls first filed a Motion to Suppress these statements on January 17, 2006.[1] In a pre-trial hearing on this case, however, the Court denied the Motion to Suppress without prejudice to refile it. Concurrent with this oral ruling, the court ordered that "[o]n or before 27 January 2006, [Rawls] shall re-file her Motion to Suppress, together with her brief, with authoritative citations, in support of her motion."[2] On the morning of January 30, 2006, the Assistant United States Attorney for this case received a hand delivered copy of Rawls's motion.[3]

---

[1] Doc. #13.

[2] Doc. #16.

[3] See Ex. A (attached). Additionally, while the Motion was hand delivered on January 30, 2006, the certificate of service states that a copy was mailed on January 27, 2006. As of the date of the United States' motion, no mailed copy of Rawls's Motion has been received.

According to the Clerk's Office, a copy of the motion was delivered to the Court sometime during the week of January 30, 2006. In addition to being untimely delivered, the Clerk's Office also noted that the motion also was improperly redacted—it included information on victims. Thus, the Clerk's office has advised that it has neither accepted, nor filed Rawls's Motion on the Court's docket sheet. The Clerk's Office advised that it has requested and is awaiting a redacted copy of the Motion from defense counsel. After it receives the redacted copy, the Clerk's Office indicated it will then consider the Motion filed on that later date in the future.

## II.     Arguments

### A.     The Motion to Strike Should be Granted Because Rawls's Motion Is Untimely and Improperly Filed with the Clerk's Office.

Rawls's Motion should be stricken because it has not yet been filed with Clerk's office in a timely or proper manner. "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose . . . submission to their lawful mandates."[4] These powers permit "courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."[5]

Here, the Court's order was clear. On January 19, 2006, the Court found Rawls's

---

[4] *Anderson v. Dunn,* 6 Wheat. 204, 227 (1821); *see also Ex parte Robinson*, 19 Wall. 505, 510 (1874).

[5] *Link v. Wabash R. Co.,* 370 U.S. 626, 630-631, (1962); *see also Eash v. Riggins Trucking Inc.,* 757 F.2d 557, 567 (3d Cir. 1985) ("A court's inherent power to manage its caseload, control its docket, and regulate the conduct of attorneys before it, provides authority to fashion tools that aid the court in getting on with the business of deciding cases.").

Motion to be deficient. It then gave Rawls the opportunity to cure this deficiency on or before, January 27, 2006. According to the Clerk's Office, however, Rawls did not provide the Court with a copy of her renewed Motion until January 30, 2006. Even if the Motion had been filed on time, the Clerk's office could not have accepted it because it contained confidential and personal victim information in it.[6] Because Rawls did not file her Motion with Clerk's office in a timely or proper manner, the Court should strike it.

> **B.    Even if Rawls's Motion Should Not Be Stricken, the Court Should Deny Rawls's Motion Because Rawls Was Not in Custody when She Confessed to Inspector Aaron.**

Even if Rawls's Motion to Suppress were somehow timely, the Motion should still be denied as a matter of law. Not all law enforcement questioning requires a *Miranda* warning. Rather, *Miranda* warnings are only necessary when a suspect is in "custody."[7] A person is in custody when "under the totality of the circumstances, a reasonable [person] in the suspect's position would feel a restraint on [her] freedom of movement . . . to such extent that [she] would not feel free to leave."[8] In general, question of custody turns on whether restrictions on the suspect's freedom of movement are "of the degree

---

[6] See E-Government Act of 2002, Sec. 205© (codified in pertinent part at 44 U.S.C. § 3501 note); see also Judicial Conference of the United States, *Guidance for Implementation of the Judicial Conference Policy on Privacy and Public Access to Electronic Criminal Case Files*, available at, <http://www.privacy.uscourts.gov/crimimpl.htm> (noting that "personal data identifiers must be partially redacted from the document whether it is filed traditionally or electronically.")

[7] *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).

[8] *United States v. Phillips*, 812 F.2d 1355, 1360 (11th Cir. 1987) (citations omitted).

associated with formal arrest."[9]

In her Motion, Rawls cites to three facts which she believes prove that she was in custody for *Miranda* purposes. These facts, when taken in the light most favorable to Rawls,[10] however, demonstrate as a matter of law that she was not in custody when Inspector Aaron questioned her. As such, *Miranda* warnings were not required.

Rawls first cites to the fact that she "was the target, and the only suspect, of Aaron's investigation . . . " and "the fact that Aaron placed the test letters on August 25th [sic] and had the defendant under surveillance."[11] However, "[t]he mere fact that an investigation has focused on a suspect does not trigger the need for *Miranda* warnings in noncustodial settings . . ."[12] Furthermore, whether Inspector Aaron believed that Rawls was a suspect is considered irrelevant for a custodial determination.[13]

Rawls, second points to the "confrontational atmosphere" of Aaron's questioning, focusing on Aaron's questions about (1) the "procedure for handling mail"; (2) the test

---

[9] *Minnesota v. Murphy*, 465 U.S. 420, 430 (1984).

[10] Rawls Motion to Supress at ¶7. The United States does not concede, however, that Rawls facts are accurate. Rather, it uses her facts to demonstrate why as a matter of law, Rawls's motion, as she has presented it, should be denied.

[11] *Id.*

[12] *Murphy,* 465 U.S. at 431 (1984); *see also California v. Beheler,* 463 U.S. at 1121, 1124 n. 2 (1983) (stating that in resolving *Miranda's* applicability the emphasis should be on "the compulsive aspect of custodial interrogation, and not the strength or content of the government's suspicions at the time the questioning was conducted . . . .")

[13] *Standsbury v. California*, 511 U.S. 318, 322 (1994) (noting that "officer's subjective and undisclosed view concerning whether the person being interrogated is a suspect" is not a factor).

letters, (3) the Wal-Mart gift card, and (4) the Wal-Mart video tape.[14]  "General 'on-the-scene questioning,' however, concerning the facts and circumstances surrounding a crime or other general questioning of citizens during the fact-finding process do not trigger *Miranda* warnings."[15]

Rawls also puts weight on the fact that "Postmaster Barlow called her into his office."[16] However, cases have repeatedly held that a supervisor's order to report for an interview does not constitute "the type of restraint . . . of freedom associated with a formal arrest."[17]

Rawls last references her "being placed on emergency suspension . . . immediately following" Aaron's interview as reason that she was in custody.  Rawls, however, cites no cases to support this proposition, and the United States' research has uncovered no cases so holding.

Finally, it is illustrative to consider what Rawls has not alleged.  For example:

---

[14] Rawls Motion to Suppress at ¶7.

[15] *Garcia v. Singletary*, 13 F.3d 1487, 1489 (11th Cir. 1994) (citing *Miranda,* 384 U.S. at 477-78).

[16] Rawls Motion to Supress at ¶7.

[17] *United States v. Muegge*, 225 F.3d 1267, 1270 (11th Cir. 2000); *see also United States v. Mahan*, 190 F.3d 416, 421 (6th Cir. 1999) (defendant not in custody despite being summoned to interview by work supervisor); *United States v. Leese*, 176 F.3d 740 (3d Cir. 1999) (postal employee interview not custodial despite postmaster's order to speak with postal inspectors in the postmaster's office); *United States v. Baird*, 851 F.2d 376, 380 (D.C.Cir. 1988) (Coast Guard officer's interview not custodial despite order by his superior officer to appear for an interview with a Treasury Department investigator).

- She was not physically moved or restrained by officers on the way to the scene of the interview;[18]
- No handcuffs were employed, and no guns were drawn;[19]
- She was not booked or told of formal accusations, nor told that he was under arrest;[20] and
- There is no indication that she was not free to leave.[21]

Thus, taking the each of these facts as Rawls has presented them, demonstrates why Rawls was not entitled to *Miranda* warnings as a matter of law. Rawls's Motion should be denied.

## III. Conclusion

Rawls was given a second bite at the apple when this Court generously permitted her to refile her Motion to Suppress. Rawls, however, has failed to file her Motion in compliance with the Court's January 19, 2006 Order. She should not be therefore given a third bite.

If, however, the Court were to deem the Motion as properly and timely filed, then the Court should still deny the Motion as a matter of law. The facts as Rawls has presented them do not amount to a custodial interrogation as *Miranda* requires.

Finally, if the Court were to decide that an evidentiary hearing were necessary, the

---

[18] *Cf. Jacobs v. Singletary*, 952 F.2d 1282, 1291 (11th Cir. 1992) (person was in custody when grabbed and restrained by officer).

[19] *Cf. United States v. Blackman*, 66 F.3d 1572, 1576-77 & n. 4 (11th Cir. 1995) (even when handcuffed and held at gunpoint, suspect was not under arrest).

[20] *See Phillips,* 812 F.2d at 1362 (suspect not in custody because "he was never placed under arrest or told that he was under arrest").

[21] *See id.* (relying on fact suspect never requested to terminate the interview).

Government would request that the hearing be moved to a date on or after February 16, 2006, for the reasons stated in its concurrently filed Motion to Cancel or Continue Evidentiary Hearing.[22]

        Respectfully submitted,

        LEURA G. CANARY
        UNITED STATES ATTORNEY

        /s/ Christopher Snyder
        CHRISTOPHER A. SNYDER
        Assistant United States Attorney
        One Court Square, Suite 201
        Montgomery, AL 36104
        Phone: (334)223-7280
        Fax: (334)223-7135
        E-mail: christopher.a.snyder@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Amardo Wesley Pitters.

        /s/ Christopher Snyder
        CHRISTOPHER A. SNYDER
        Assistant United States Attorney

---

[22] Doc. #20.