IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 2:05cr303-F |
| ) | |
| DOROTHY JEAN RAWLS ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION FOR SUPPRESSION OF EVIDENCE

**COMES NOW**, Defendant Dorothy Jean Rawls, by and through undersigned counsel and move this Honorable Court, to suppress certain evidence pertaining to the facts and circumstances that form the underlying basis of the indictment to the offenses in the above-styled cause. In support thereof, defendant shows the court as follows:

### ISSUES PRESENTED

1.  Whether the interrogation of the defendant by Postal Inspector T.A. Aaron was a custodial interrogation such that he was required to give her *Miranda* warnings.

### FACTUAL BACKGROUND

On or about December 14, 2005 the government filed a grand jury indictment against the defendant alleging two counts of violation of Title 18 U.S.C. Section 1709, to wit: that the defendant "being a Postal Service officer and employee, embezzled letters, postal cards, packages, bags, and mail, and articles and things contained therein entrusted to her and which came into her possession intended to be conveyed by mail; and being a Postal Service officer and employee stole, abstracted, and removed from any such letters, postal cards, packages, bags, and mail, any article and thing contained therein. . . ."

2. The defendant believes that the government, by and through the United States Attorney for the Middle District of Alabama, will attempt to introduce at trial certain evidence obtained by the law enforcement officer who investigated the alleged criminal conduct and who submitted the case for prosecution to the United States Attorney's Office for the Middle District of Alabama, namely Postal Inspector T.A. Aaron .

3. The facts as contended by the government are that in May 2005, a Wal-Mart gift card was mailed from Indianapolis via United States Mail to an address for which the defendant is the mail carrier. Allegedly, the gift card was not delivered but rather it was negotiated at the Andalusia Wal-Mart. On or about May 25, 2005, the intended recipient filed a report with the Andalusia Police Department. The case was assigned to Detective Alice Donaldson of the Andalusia Police Department. On or about August 23, 2005, Detective Donaldson contacted Andalusia Postmaster and represented that she had reason to believe that an employee of the Andalusia Post Office had stolen the gift card that mailed from Indianapolis in May 2005 to 603 Montgomery Street, Andalusia and that said employee was the defendant. Detective Donaldson represented that she had viewed a video taped recording from Wal-Mart and the person thereon using the stolen gift card fits the defendant's identity. The postmaster, Jerry Barlow, advised Detective Donaldson to contact Postal Inspection Service. Postal Inspector T.A. Aaron was assigned to the case and he traveled from Birmingham to meet with Detective Donaldson on August 24, 2005. Detective Donaldson represented to Postal Inspector Aaron that she is of the opinion that the person observed on the video using the gift card at Andalusia Wal-Mart was the defendant because she knows the defendant as an ex-sister-in-law. In the course of his investigation, Postal Inspector Aaron showed the video to Postmaster Barlow and he was unable to identify the person seen therein. He could not say that the person he saw in the video was that

of the defendant. Postal Inspector Aaron embarked upon further investigation by having Postmaster Barlow placed two test letters at the letter case of the defendant. These test letters contained a Wal-Mart gift card of $50.00 and $100.00 cash. Allegedly, the defendant went trough her letter case and threw mail in her "throw back mail" without placing the test letters in her "throw back mail." After the defendant was finished casing her mail for delivery but before she left the post office, Postmaster Barlow called her into his office where she was interrogated by Inspector Aaron regarding the test letters and the mail of May 2005. The defendant made representations regarding the test letters and the mail of May 2005. Inspector Aaron confronted the defendant with the video taped recording "of a black female at Wal-Mart making purchases with the stolen gift card." The defendant "was placed on emergency suspension by the U.S. Postal Service" and subsequently indicted for having committed violations of Title 18 U.S.C. Section 1709. *See, Defendant's Exhibit 1*(Government's Details of Offense).1

4.   Defendant avers that while she was in custody, Postal Inspector T.A. Aaron, a law enforcement police officer of the United States Postal Service, interrogated her as she was the target of an ongoing investigation being conducted by him for prosecutorial purposes.

5.   Defendant submits that there is a legal issue of whether the government may lawfully introduce as evidence, the statements allegedly made by the defendant incident to her being in the custody of Postal Inspector Aaron because said officer violated her Fifth Amendment rights and/or other rights guaranteed to her by the United States Constitution, the laws of the United States and the State of Alabama. Defendant Rawls contends that any statements made by her to Postal Inspector T. A. Aaron, in his capacity as a law enforcement

---

1 For purposes of recitation of the facts, Defendant references the "Details of Offense" as the government contends in the discovery produced.

officer, were not made knowingly and voluntarily with regard to her constitutional rights secured and guaranteed to her by the laws of the United States. That the statements made by defendant were made without the defendant's knowledge of her to remain silent, that what she said could and would be held against her as incriminating and that had a right to legal counsel.

## LEGAL ANALYSIS

6. Defendant submits that she was not read *Miranda* warnings before or during her interrogation or interview with Postal Inpsector Aaron. A person taken into custody must be advised of her right to remain silent and her right to counsel prior to any interrogation. *Miranda v. Arizona*, 384 U.S. 436 (1966); *United States of America v. Muegge*, 225 F.3d 1267, 1269-70 (11th Cir. 2000). Advice of *Miranda* rights is required if there is a restraint on freedom of movement "of the degree associated with a formal arrest". *Minnesota v. Murphy*, 465 U.S. 420, 430, 104 S.Ct. 1136 (1984). The test is objective; "[t]he only relevant inquiry is how a reasonable man in the suspect's position would have understood his situation." *Berkemer v. McCarty*, 468 U.S. 420, 442, 104 S.Ct. 3138 (1984). "[I]n order for a court to conclude that a suspect is in custody, it must be evident, under the totality of the circumstances, a reasonable man in the suspect's position would feel restraint on his freedom of movement fairly characterized as that 'degree associated with a formal arrest' to such extent that he would not feel free to leave." *United States v. Phillips*, 812 F.2d 1355, 1360 (11th Cir. 1987). In determining the "custody" issue, the law of this circuit is that the issue must be decided on a case-by-case basis. *United States v. Warren*, 578 F.2d 1058 (5th Cir. 1978).2

7. Applying the law to the facts, Defendant avers that on August 25, 2005, her

---

[2] *Bronner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981)(en banc), adopted as binding precedent all decisions of the Fifth Circuit rendered prior to October 1, 1981.

supervisor, Postmaster Barlow, called her into his office where she was interrogated by Inspector Aaron regarding the test letters Aaron had given to Barlow on the morning of August 25, 2005 and the mail of May 2005. While the defendant worked her mail on August 25, 2005, Aaron had her under constant surveillance. *See, Defendant's Exhibit 1.* Inspector Aaron interrogated the defendant as to procedure for handling mail where there is "no Such Number (NSN) and Moved Left No Address (MLNA). He confronted the defendant with the test letters he had Postmaster Barlow placed in the defendant's mail on August 25, 2005. He confronted the defendant about the Wal-Mart gift cards and showed her the video taped recording "of a black female at Wal-Mart making purchases with the stolen gift card." At no time did he advise the defendant of her *Miranda* warnings. At not time did he advise her that she did not have to answer his questions or that she was free to leave at any time. The defendant was not only summoned by Postmaster Barlow to his office, not to be interviewed by him, but rather to be interrogated by Postal Inspector Aaron. *Defendant's Exhibit 1.* Barlow's directive was accompanied by a letter dated August 25, 2005 whereby the defendant was placed on emergency suspension. *Defendant's Exhibit 2.* Considering the totality of the circumstances, specifically, the following: the fact the defendant was the target, and the only suspect, of Aaron's investigation relating back to representations by Detective Donaldson; the fact that Aaron placed the test letters on August 25th and had the defendant under surveillance; the confrontational atmosphere that clouded Aaron's interrogation of the defendant in Postmaster Barlow's office such that it is apparent that there was a restraint on the defendant's freedom of movement "of the degree associated with a formal arrest"; and the foregoing culminating in the defendant being placed on emergency suspension on August 25, 2005 immediately following her interrogation by Aaron, defendant submits it is

evident that a reasonable man in the defendant's position as the only suspect would feel restraint on her freedom of movement fairly characterized as that 'degree associated with a formal arrest' to such extent that she would not feel free to leave. Accordingly, the evidence acquired by Postal Inspector T.A. Aaron as a law enforcement officer, specifically statements which the government intends to use as incriminating, may not be used at trial and the same are due to be suppressed pursuant to the exclusionary rule because the defendant did not "knowingly and intelligently" waived her Fifth Amendment right to remain silent and her right to counsel prior to any interrogation..

**WHEREFORE, PREMISES CONSIDERED**, defendant moves this Honorable Court to enter an order suppressing the evidence obtained and intended to be used by the United States of America against the defendant.

Respectfully submitted,

/s/ Amardo Wesley Pitters
Amardo Wesley Pitters, Esquire
**Attorney for the Defendant**
**Alabama State Bar No.: 8989-T64A**

OF COUNSEL:

*A. WESLEY PITTERS, P.C.*
1145 South Perry Street (36104)
Post Office Box 1973
Montgomery, Alabama 36102-1973
Telephone: (334) 265-3333
Telecopier: (334) 265-3411
Email: awpitters@pitterslawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the _27_ day of January, 2006, a copy of the foregoing was duly served upon the following:

> Hon. Christopher A. Synder
> Assistant United States Attorney
> Office of the United States Attorney
> Criminal Division
> Middle District of Alabama
> Post Office Box 197
> Montgomery, Alabama 36101-0197

via United States Postal Service.

_____
Amardo Wesley Pitters, Esquire