IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05CR303-MEF |
| | ) | |
| DOROTHY JEAN RAWLS | ) | |

**ORDER**

This case is pending on the following pleadings: (1) the defendant's Motion To Suppress, filed on 17 January 2006 (Doc. # 13), as amended by the motion filed on 30 January 2006 (Doc. # 21); (2) the government's Motion to Strike the amended motion, filed on 3 February 2006 (Doc. # 19); and (3) the government's Motion to Continue or Cancel Evidentiary Hearing, filed on 3 February 2006 (Doc. # 20).

For the reasons stated herein, the Magistrate Judge concludes that the government's motion to strike the amended motion should be denied, the motion to continue the evidentiary hearing should be denied as moot, and the motion to cancel the evidentiary hearing should be denied.

### I.  PROCEDURAL HISTORY

In its order dated 19 January 2006 (Doc. # 16), the court directed the defendant to re-file his Motion to Suppress on or before 27 January 2006 because it was deficient. Contrary to the mandate in the Arraignment Order (Doc. # 11) routinely issued in felony criminal cases in this court, the first motion was based on conclusory allegations and included

citations to legal authority. Thus, its allegations did not justify an evidentiary hearing. The order specifically provided:

> If the defendant files a motion in compliance with this order, counsel and the defendant shall appear for an evidentiary hearing on the motion on 14 February 2006 at 10:00 a.m. . . .

Although the defendant's counsel delivered an amended complaint to the Clerk on 27 January 2006, because the motion did not include the defendant's exhibits, mentioned in the text of the motion, it was not filed until 30 January 2006, when defendant's counsel delivered the exhibits.[1]

## II. DISCUSSION

The government now seeks to strike the amended motion because it was not filed on 27 January 2006. Although that is true, it is clear that defendant's counsel, and not the defendant, is responsible for the late filing. Defendant's counsel verbally represented to the court that he was ill at the pertinent time, but he never filed a motion for extension of time to file his amended motion. In any case, the defendant is entitled to a ruling on his motion, and the court declines to take the drastic action of striking his motion because of his attorney's illness.

The allegations in the motion suggest that an evidentiary hearing is required. The issue presented by the motion, and specifically articulated in the amended motion is

---

[1] The Clerk notified defendant's counsel on 27 January that the exhibits were missing, but, without explanation, it took three additional days for counsel to deliver the exhibits.

"[w]hether the interrogation of the defendant by Postal Inspector T.A. Aaron was a custodial interrogation such that he was required to give her *Miranda* warnings". That issue is resolvable by reference to the circumstances of the interrogation and the authority of the interrogator.

"The requirement that an individual receive *Miranda* warnings before answering questions applies only when the individual is in custody." **United States v. Torkington**, 874 F.2d 1441, 1445 (11th Cir. 1989). Whether a suspect is in custody "turns on whether restrictions on the suspect's freedom of movement are 'of the degree associated with formal arrest.'" **United States v. Moya**, 74 F.3d 1117, 1118 (11th Cir. 1996)(citation omitted). Thus, a hearing is required to determine the nature of the restrictions on the defendant's freedom of movement and the status of the persons interrogating her.

### III.   CONCLUSION

Accordingly, it is ORDERED as follows:

1. The Motion to Strike the amended motion to suppress is DENIED.
2. The Motion to continue the evidentiary hearing is DENIED as moot.
3. The Motion to Cancel the evidentiary hearing is DENIED.
4. On or before 21 February 2006, the government shall file its response to the amended motion.
5. The parties and counsel shall appear for an evidentiary hearing on 6 March 2006 at 2:00 p.m. in Courtroom 5-A, Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE this 15th day of February, 2006.


/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE