IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.  ) | CR. NO. 2:05cr303 |
| ) | |
| **DORTHY JEAN RAWLS** ) | |
| ) | |

**United States' Response to Defendant's Motion for Suppression of Evidence**

Defendant Dorthy Jean Rawls's Motion to Suppress should be denied. Rawls was not in custody when she was questioned. Rather, Rawls was told that she was free to leave the questioning at any time. Moreover, Rawls was questioned at her place of employment–the Post Office–not at a police station. Furthermore, when questioned, Rawls was permitted to sit next to a door, which the questioner insisted remain open during her questioning. Rawls was therefore not in custody and was not entitled to *Miranda* warnings.

**I.    Background**

On August 25, 2006, Andalusia Postmaster Jerry Barlow asked Rawls to come to his office to answer some questions. Postal Inspector T.A. Aaron, who was investigating Rawls's alleged misconduct during the morning, questioned Rawls. During this conversation, Rawls identified herself as the shopper in a Wal-Mart surveillance video who had purchased items with a Wal-Mart gift card. That gift card was addressed to a

person on Rawls's route and was reported stolen. During the conversation with Aaron, Rawls also made other incriminating statements.[1]

Prior to the questioning, Inspector Aaron did not administer *Miranda* warnings. Aaron told Rawls, however, that she was not under arrest and that she was free to leave at any time. Furthermore, Inspector Aaron and Rawls sat on opposite sides of Barlow's office with a large desk in between them. Inspector Aaron permitted Rawls to sit in the seat closest to the exit door and Inspector Aaron requested that the door remain open during questioning. Based upon these facts, Rawls therefore was not in custody, and her statements should not be suppressed.

## II.    Argument

**The Court Should Deny Rawls's Motion Because Rawls Was Not in Custody when She Confessed to Inspector Aaron.**

The Government does not dispute that *Miranda* warnings were not given and that Rawls's statements were made in response to interrogation. The *Miranda* rule, however, applies only to statements made during *custodial* interrogation. As a result, Rawls cannot sustain her burden of demonstrating that she was in custody.[2]

A person is in custody when "under the totality of the circumstances, a reasonable [person] in the suspect's position would feel a restraint on [her] freedom of movement . . .

---

[1] *See* Ex. A.

[2] *See People v. Charles*, 738 F.2d 686, 691-92 (5th Cir. 1984) ("[D]efendants' burden required that at a minimum they demonstrate that the . . . statements were obtained while they were under custodial interrogation.").

to such extent that [she] would not feel free to leave."[3]  In general, questions of custody turn on whether restrictions on the suspect's freedom of movement are "of the degree associated with formal arrest."[4]

Here, Rawls was interviewed in her employers' office, a setting far less coercive than a police station.[5]  Moreover, it is illustrative to consider the following:

- Rawls was not physically moved or restrained by Barlow on the way to the scene of the interview;[6]
- No handcuffs were employed, and no guns were drawn;[7]
- Rawls was not booked or told of formal accusations, nor told that she was under arrest;[8]
- There is no indication that Rawls was not free to leave; and[9]
- Rawls in fact was permitted to leave and was not arrested until four months later.[10]

In her Motion, Rawls cites to three facts which she believes prove that she was in custody for *Miranda* purposes.  These facts, when taken in the light most favorable to

---

[3] *United States v. Phillips*, 812 F.2d 1355, 1360 (11th Cir. 1987) (citations omitted).

[4] *Minnesota v. Murphy*, 465 U.S. 420, 430 (1984).

[5] *Phillips*, 812 F.2d at 1360 (interview was non-custodial even though it took place in police station and defendant was not expressly told that he was free to leave); *see also United States v. Muegge*, 225 F.3d 1267 (11th Cir. 2000) (per curiam) (interview took place at office of federal agents).

[6] *Cf. Jacobs v. Singletary*, 952 F.2d 1282, 1291 (11th Cir. 1992) (person was in custody when grabbed and restrained by officer).

[7] *Cf. United States v. Blackman*, 66 F.3d 1572, 1576-77 & n. 4 (11th Cir. 1995) (even when handcuffed and held at gunpoint, suspect was not under arrest).

[8] *See Phillips,* 812 F.2d at 1362 (suspect not in custody because "he was never placed under arrest or told that he was under arrest").

[9] *See id.* (relying on fact suspect never requested to terminate the interview).

[10] *Muegge*, 225 F.3d 1267.

Rawls,[11] however, demonstrate that Rawls cannot meet her burden and therefore was not in custody when she was questioned. As such, *Miranda* warnings were not required.

Rawls first cites to the fact that she "was the target, and the only suspect, of Aaron's investigation . . . " and "the fact that Aaron placed the test letters on August 25th [sic] and had the defendant under surveillance."[12] However, "[t]he mere fact that an investigation has focused on a suspect does not trigger the need for *Miranda* warnings in noncustodial settings . . ."[13] Furthermore, whether Inspector Aaron believed that Rawls was a suspect is considered irrelevant for a custodial determination.[14]

Rawls, second points to the "confrontational atmosphere" of Aaron's questioning, focusing on Aaron's questions about (1) the "procedure for handling mail"; (2) the test letters, (3) the Wal-Mart gift card, and (4) the Wal-Mart video tape.[15] "General 'on-the-scene questioning,' however, concerning the facts and circumstances surrounding a crime or other general questioning of citizens during the fact-finding process do not trigger

---

[11] Rawls Motion to Suppress at ¶7. The United States does not concede, however, that Rawls's facts are accurate. Rather, it uses her facts to demonstrate why Rawls's Motion should be denied.

[12] *Id.*

[13] *Murphy*, 465 U.S. at 431 (1984); *see also California v. Beheler,* 463 U.S. at 1121, 1124 n. 2 (1983) (stating that in resolving *Miranda's* applicability the emphasis should be on "the compulsive aspect of custodial interrogation, and not the strength or content of the government's suspicions at the time the questioning was conducted . . . .")

[14] *Standsbury v. California*, 511 U.S. 318, 322 (1994) (noting that "officer's subjective and undisclosed view concerning whether the person being interrogated is a suspect" is not a factor).

[15] Rawls Motion to Suppress at ¶7.

*Miranda* warnings."[16]

Rawls also puts weight on the fact that "Postmaster Barlow called her into his office."[17] However, cases have repeatedly held that a supervisor's order to report for an interview does not constitute "the type of restraint . . . of freedom associated with a formal arrest."[18]

Rawls last references her "being placed on emergency suspension . . . immediately following" Aaron's interview as reason that she was in custody. Rawls, however, cites no cases to support this proposition, and the United States' research has uncovered no cases so holding.

Thus, the facts as Rawls has presented them do not amount to a custodial interrogation as *Miranda* requires.

---

[16] *Garcia v. Singletary*, 13 F.3d 1487, 1489 (11th Cir. 1994) (citations omitted).

[17] Rawls Motion to Suppress at ¶7.

[18] *Muegge*, 225 F.3d at 1270; *see also United States v. Mahan*, 190 F.3d 416, 421 (6th Cir. 1999) (defendant not in custody despite being summoned to interview by work supervisor); *United States v. Leese*, 176 F.3d 740 (3d Cir. 1999) (postal employee interview not custodial despite postmaster's order to speak with postal inspectors in the postmaster's office); *United States v. Baird*, 851 F.2d 376, 380 (D.C.Cir. 1988) (Coast Guard officer's interview not custodial despite order by his superior officer to appear for an interview with a Treasury Department investigator).

**III.     Conclusion**

Rawls therefore has failed to sustain her burden of demonstrating that she was subject to custodial interrogation. Her Motion should therefore be denied.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Christopher Snyder
CHRISTOPHER A. SNYDER
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: christopher.a.snyder@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Amardo Wesley Pitters.

/s/ Christopher Snyder
CHRISTOPHER A. SNYDER
Assistant United States Attorney
