IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05CR303-MEF |
| | ) | |
| DOROTHY JEAN RAWLS | ) | |

## ORDER

This case is pending on the defendant's Motion to Suppress, 17 January 2006 (Doc. # 13). The government filed its response on 21 February 2006 (Doc. # 23). Upon review of the motion and the response, the court FINDS that there is no material factual dispute between the parties regarding the events underlying the defendant's legal argument in her motion. Each side in this case agrees that:

1. The defendant, DOROTHY JEAN RAWLS ["Rawls"], was supervised by the Andalusia Postmaster, Jerry Barlow ["Barlow"].

2. Barlow summoned Rawls to his office on 24 or 25 August 2005 for questioning by postal inspector T. A. Aaron ["Aaron"].

3. Aaron was investigating the alleged theft of a Wal-Mart gift card from the mail. Aaron did not read Rawls her Miranda rights before questioning her.

4. There was a videotape of a person using the stolen gift card, and Rawls viewed the videotape during questioning on 24 or 25 August 2005.

5. Present during the questioning were Rawls, Barlow, and Aaron, and during the questioning, Rawls made certain representations that Aaron considered

      incriminating.

6. Following the questioning, Rawls was placed on emergency suspension and was subsequently indicted in this district.

Accordingly, the court further FINDS that the sole question or issue for resolution in this motion is whether Rawls was in "custody" during the questioning, as that term is defined by the Supreme Court and the Court of Appeals.[1] Therefore, for purposes of conducting the evidentiary hearing on 6 March 2006, it is ORDERED as follows:

1. The government shall limit its questioning of witnesses to the particulars of the questioning itself, that is, to matters which should form the basis of the court's determination on the issue of custody.[2]

2. Rawls should limit her cross-examination of witnesses to the particulars of the questioning itself, that is, to matters which should form the basis of the court's determination on the issue of custody.

3. Specifically, the court will receive evidence consistent with the allegations in paragraphs 5 and 6 of Rawls' first motion and on pages 2-6 of the government's response.

4. Inasmuch as the cases cited in Rawls' amended motion are cited for general

---

[1] Rawls agrees, having identified the custody issue as the sole issue in her amended motion, filed on 30 January 2006 (Doc. # 21).

[2] It is not necessary for counsel to make any inquiries regarding the scope of the investigation, the mailing of the gift card, the intended recipient of the gift card, other persons involved, the identity of the victim, the circumstances under which the videotape was made, or any other aspects of the investigation before or after the questioning of the defendant on 25 August 2005.

propositions, and inasmuch as the government has cited cases that address the pertinent facts of this case,[3] Rawls is DIRECTED to be prepared to cite the court to cases whose holdings or rulings support her argument that, under the circumstances of her questioning by Aaron in Barlow's office, she was in "custody" for **Miranda** purposes.  The court will request recitation of such cases at the beginning of the hearing.

DONE this 23rd day of February, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED   STATES   MAGISTRATE   JUDGE

---

[3]See notes 5, 6, 7, 8, 13, and 18 of the government's response.