**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CR. NO. 2:05cr303 |
| | ) | |
| **DORTHY JEAN RAWLS** | ) | |
| | ) | |

**United States' Notice of Case Status Development
and Newly Discovered Evidence**

In light of recent developments in this case, the United States respectfully advises the Court of the following case developments, which may effect the upcoming evidentiary hearing, currently scheduled in this case for Monday, March 6, 2006:

1.  On December 28, 2005, the United States provided to Defendant Rawls all known discovery for this case. Based upon this discovery, Rawls filed a Motion to Suppress, alleging that Postal Inspector T.A. Aaron failed to give her *Miranda* warnings. Rawls's motion was filed on January 17, 2006, and later supplemented on January 30, 2006.

2.  On February 21, 2006, while the Government was completing its Response to this Motion, counsel for the Government telephoned Inspector Aaron to ask Aaron some follow up questions about the search. During this conversation, counsel learned for the first time that a third person, Andalusia Police Lt. Jerry Parker may have been briefly present at the end of Aaron's questioning of Rawls. Counsel attempted to contact Lt. Parker on February 21 and 22, 2006, but was unable to speak with Parker.

3. On February 23, 2006, based upon the pleadings filed in this case, the Court then issued some preliminary findings, one of which noted that "Rawls, Barlow, and Aaron," were "present during the questioning" of Rawls. Based upon the following information recently obtained, however, the United States submits that Parker was also present during at least part of Rawls's questioning.

4. Late in the afternoon of Thursday, February 23, 2006, counsel for the Government was finally able to reach Parker. During the conversation, Parker confirmed that he was present at the end of Aaron's questioning.

5. Additionally, for the first time, Parker relayed that after Aaron had finished questioning Rawls, he asked Rawls to come briefly by the Andalusia police station. According to Parker, he and Rawls then went their separate ways. Parker went back to the station, and Rawls went to her car. Later, Rawls arrived at the Andalusia Police Station on her own accord.

6. When she arrived, Parker stated that he gave her *Miranda* warnings. Parker also stated that Rawls signed a waiver of her *Miranda* rights. Finally, Parker noted that Rawls confessed again. He also informed the counsel for the Government that the entire conversation was audio taped and had been transcribed.

7. Later that afternoon, Parker faxed copies of these materials, which counsel for the Government reviewed fully on Friday, February 24, 2006. This was the first time that the Government was aware of the existence of these materials. In a subsequent telephone

conversation, Postal Inspector Aaron also confirmed that he was unaware of this subsequent confession or of the existence of these documents.

8. Given the Court's Standing Order on Discovery, Crim. R. Pro. 16(c), and the Court's Pretrial Discovery Order, counsel for the Government immediately attempted to contact defense counsel. Today, on the afternoon of Monday, February 27, 2006, both counsel spoke. As of the filing of this Notice, counsel for the Government has electronically served this new discovery on defense counsel with the exception of a copy of the audio tape of Rawls's confession. That tape is supposed to be delivered shortly to the Government. In light of the pending evidentiary hearing surrounding similar issues, however, counsel for the Government also desired to immediately inform the Court.

9. Based upon the issues that this new discovery may present, the Government has no objection to any of the following:

   a. A request by Rawls to extend the pre-trial filing deadline to file additional pretrial motions she deems relevant based upon these new materials;

   b. A request by Rawls for an extension of time to prepare for the March 6, 2006 evidentiary hearing based upon the issues raised in these new materials; and/or

   c. A request by the Court for counsel for the Government and the agent in this case to explain the circumstances surrounding this newly discovered evidence.

Respectfully submitted this 27th day of February, 2006.

        LEURA G. CANARY
        UNITED STATES ATTORNEY


        /s/ Christopher Snyder
        CHRISTOPHER A. SNYDER
        Assistant United States Attorney
        One Court Square, Suite 201
        Montgomery, AL 36104
        Phone: (334)223-7280
        Fax: (334)223-7135
        E-mail: christopher.a.snyder@usdoj.gov


## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Amardo Wesley Pitters.


        /s/ Christopher Snyder
        CHRISTOPHER A. SNYDER
        Assistant United States Attorney